UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHNNY EAGLE #525192,**

        Plaintiff(s),        **CASE NUMBER: 08-13387
                                     HONORABLE VICTORIA A. ROBERTS**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS,**
and
**LLOYD RAPELJE,**

        Defendant(s).
_____/

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss.  (Doc. #14). Defendants ask the Court to dismiss Johnny Eagle's Complaint pursuant to Fed. R. Civ. P. 56 based on sovereign immunity and/or failure to exhaust administrative remedies.

Defendants' motion is **GRANTED**.

**II.    BACKGROUND**

Johnny Eagle, an inmate at the Saginaw Regional Facility, is a diabetic who says he must eat three meals a day to control his blood sugar.  Eagle is also a Seventh Day Adventist who likes to attend religious services at the prison.

Eagle says Defendants scheduled meal times and religious events at the same time, so he had to choose between maintaining his health and attending religious services.  According to Eagle, he had to make that choice on eight days:  January 12,

1

2008; January 19, 2008; February 2, 2008; February 9, 2008; February 23, 2008; March 1, 2008; March 15, 2008; and March 22, 2008.

On August 5, 2008, Eagle filed a Complaint pursuant to 42 U.S.C. §1983 alleging Defendants violated his constitutional rights. Eagle seeks one hundred million dollars in damages.

## III.  STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial,

summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

## IV.   APPLICABLE LAW AND ANALYSIS

The exhaustion provision of the Prison Litigation and Reform Act ("PLRA") says, "No action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). A prisoner must comply with a system's critical procedural rules to "properly exhaust" a claim. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). This requirement was clarified in *Jones v. Bock*, 549 U.S. 199 (2007):

> Compliance with prison grievance procedures . . . is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218.

According to Michigan Department of Corrections ("MDOC") Policy Directive 03.02.130 at ¶ R, "Information provided [on grievance forms] is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." (Emphasis in original).

Eagle only filed a grievance for the incident that occurred on February 23, 2008. That grievance was resolved at Step I.

While Eagle wrote a letter to the Director of the prison that mentions the other seven incidents, the letter is really a Step III appeal of the grievance Eagle submitted for

3

the February 23rd incident.

Eagle must begin the grievance process at Step I. *See* MDOC Policy Directive 03.02.130 at ¶¶ P-GG (explaining the grievance process). He, therefore, failed to exhaust his administrative remedies for the incidents that occurred on January 12, 2008; January 19, 2008; February 2, 2008; February 9, 2008; March 1, 2008; March 15, 2008; and March 22, 2008.

Because the Court finds Eagle failed to exhaust his administrative remedies, the Court need not address whether Defendants are entitled to sovereign immunity under the Eleventh Amendment.

### V. CONCLUSION

Defendants' motion is **GRANTED**. Eagle's Complaint is **DISMISSED**.

However, if meals and religious services at the Saginaw Correctional Facility can be scheduled at different times without compromising the custody and security of the facility, the warden should do so.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 25, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 25, 2009.

s/Carol A. Pinegar
Deputy Clerk