UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY EAGLE #525192,

       Plaintiff,                           CIVIL ACTION NO. 08-13387

       v.                                    HONORABLE VICTORIA A. ROBERTS

MICHIGAN DEPARTMENT             MAGISTRATE JUDGE MARK A. RANDON
OF CORRECTIONS, and
LLOYD RAPELJE,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO**
**DENY MOTION TO REOPEN CASE (DKT. NO. 34)**

       This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On August 25, 2009, Judge Victoria Roberts issued an Opinion and Order (Dkt. No. 27) dismissing the complaint because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  Judge Roberts concurrently entered a judgment in favor of the defendants. (Dkt. No. 28)  The matter presently is before the Court on Plaintiff's motion to reopen the case.  The motion was filed on October 10, 2010 – more than a year after entry of the Court's final judgment. (Dkt. No. 34)  The motion has been referred to the undersigned for disposition.[1]  For the reasons stated below, **IT IS RECOMMENDED** that Plaintiff's motion to reopen the case be **DENIED**.

---

[1] A motion for relief from judgment under Rule 60(b) is a dispositive motion properly referred to a magistrate judge for a report and recommendation. *LeGear v. Thalacker*, 46 F.3d 36, 37 (8th Cir. 1995).

Plaintiff's motion is properly construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b).  A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, mis-representation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir.1998).  Furthermore, a motion made for reasons (1), (2) and (3) above must be made no more than a year after entry of the judgment. Fed. R. Civ. P. 60(c).

Petitioner argues that the Court should reopen the case to consider another grievance (SRF 2008-03-0244–28A) that was fully exhausted – and would allow him to pursue the claims set forth in the dismissed complaint.  The only specified reasons above that potentially apply to Plaintiff's argument are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; and (6) any other reason justifying relief from the operation of the judgment.  Of these, only reason (6) need be considered, because the motion to reopen was filed more than a year after entry of judgment, thus precluding consideration of reasons (1) and (2).

Exceptional or extraordinary circumstances are not present to justify reopening this case.  The undersigned finds that the new grievance proffered by Petitioner – Grievance SRF 2008-03-0244–28A (Dkt. No.14-7) – was correctly rejected by prison staff at all three steps of the grievance procedure as a duplicate to Grievance SRF-08-02-00231-17i, pursuant to Michigan

Department of Corrections Policy Directive 03.02.130, G-1 (Dkt. No. 14-10). Both grievances dealt with Petitioner's general complaint that he was forced to choose between receiving meals and attending religious events or services. (*Compare* Dkt. No. 14-6 to 14-7) And, both grievances claimed the date of the incident was February 23, 2008. As Grievance SRF 2008-03-0244–28A was properly rejected as covering the same issues as Grievance SRF-08-02-00231-17i, Petitioner has failed to present a sufficient justification to reopen this case.

For the reasons state above **IT IS RECOMMENDED** that Plaintiff's motion to reopen the case (Dkt. No. 34) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                      s/Mark A. Randon
                                      MARK A. RANDON
                                      UNITED STATES MAGISTRATE JUDGE

Dated: April 22, 2011

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, April 22, 2011, electronically and by first class mail.*

                                      *s/Barbara M. Radke*
                                      *Judicial Assistant to Magistrate Judge Mark A. Randon*

*Copies mailed to:*
    *Johnny Eagle #525192*
    *Newberry Correctional Facility*
    *3001 Newberry Avenue*
    *Newberry, MI 49868*